UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BRUCE BAIR, KRISTINE BAIR, JOHN YOUNG, and PAULA YOUNG, on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No. |
| v. ) ) | |
| V2V HOLDINGS, LLC, VERTRUE, LLC, ADAPTIVE MARKETING, LLC, and VELO ACU, LLC, ) ) ) ) ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Please take notice that Defendants, V2V Holdings, LLC, Vertrue, LLC, Adaptive Marketing, LLC, and Velo ACU, LLC (collectively, the "Defendants"), hereby file this Notice of Removal of the above captioned matter currently pending in the Superior Court of Fulton County, State of Georgia on the grounds stated below.

1.  On February 13, 2015, Plaintiffs Bruce Bair, Kristine Bair, John Young, and Paula Young (collectively, the "Plaintiffs") filed a class action complaint in the Superior Court of Fulton County, State of Georgia

entitled, <u>Bruce Bair, Kristine Bair, John Young, and Paula Young v. V2V Holdings, LLC, Vertrue, LLC, Adaptive Marketing, LLC, and Velo ACU, LLC</u>, File Number 2015CV257139 (the "<u>Superior Court Action</u>"). A copy of the waiver of service and complaint, dated February 13, 2015 (the "<u>Waiver of Service and Complaint</u>"), in the Superior Court Action is annexed hereto as Exhibit "A".

2. The Complaint alleges five causes of action: for declaratory and injunctive relief (Count I), for unjust enrichment (Count II), for money had and received (Count III), for violation of the Virginia Consumer Protection Act (Count IV), and for violation of the Texas Deceptive Trade Practices Act (Count V).

3. Defendants hereby remove the Superior Court Action to the United States District Court for the Northern District of Georgia based on diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d)(2).

4. CAFA expanded the Court's diversity jurisdiction to give it original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of

plaintiffs is a citizen of a State different from any defendant." *Id*. The Superior Court Action asserts a class action that meets both the diversity and jurisdictional amount requirements.

5. <u>First</u>, the Superior Court Action alleges diversity of citizenship. Plaintiff asserts a nationwide putative class. (Ex. A, Compl. ¶ 74.) This necessarily creates diversity between the putative class and Defendants.

6. Moreover, Plaintiffs and Defendants are also diverse parties. Plaintiffs Bruce and Kristine Bair are residents and citizens of Texas. (Ex. A, Compl. ¶ 1.) Plaintiffs John and Paula Young are residents and citizens of Virginia. (*Id.* ¶ 2.)

7. Defendant Adaptive Marketing LLC is a limited liability company whose sole member is Defendant Vertrue LLC. (Exhibit B, Declaration of Harry A. Amsden, at ¶ 3.) Defendant Vertrue LLC is a limited liability company whose sole member is Defendant Velo ACU LLC. (*Id.* at ¶ 4.) Defendant Velo ACU LLC is a limited liability company whose sole member is defendant V2V Holdings LLC. (*Id.* at ¶ 5.) Defendant V2V Holdings LLC is a limited liability company whose sole member is Velo Holdings, Inc., a Delaware corporation whose principal

7407658v2

place of business is in Chicago, Illinois.  (*Id.* at ¶ 6.)  Pursuant to 28 U.S.C. § 1332(c)(1), Defendants are citizens of Delaware and Illinois.

8. The number of putative class members satisfies CAFA's requirement of 100 or more class members.  The Complaint asserts that the putative class includes "many tens of thousands of consumers across the country."  (Ex. A, Compl. ¶ 77.)

9. <u>Second</u>, the Superior Court Action meets the jurisdictional amount under CAFA.  The complaint does not contain an *ad damnum* allegation.  However, Plaintiff demands actual and statutory damages, restitution and disgorgement, treble and mental anguish damages, punitive damages, declaratory relief, preliminary and permanent injunctive relief, attorneys' fees, the costs of suit and pre- and post-judgment interest.  (Ex. A, Compl. "Prayer for Relief" at p. 30-31.)

10. The Complaint asserts that the Plaintiffs seek damages, on behalf of all class members in the United States, for "unauthorized charges" assessed by Defendants after February 4, 2013 through more than twenty-one membership programs (the "Vertrue Membership Programs"). (Ex. A, Compl. ¶¶ 9, 60, 73, 74, 78, 94.)

11. Plaintiffs also seek injunctive relief, declaratory relief, actual damages or statutory damages, attorneys' fees and court costs on behalf of a subclass of class members residing in Virginia, under the Virginia Consumer Protection Act. (Ex. A, Compl. ¶¶ 104, 106.)

12. Plaintiffs also seek injunctive relief, declaratory relief, actual damages, mental anguish damages, restitution, attorneys' fees and court costs on behalf of a subclass of class members residing in Texas, under the Texas Deceptive Trade Practices Act. (Ex. A, Compl. ¶¶ 108, 112.) While Plaintiffs' claims are baseless and no class should be certified, since March 1, 2013, and the amount in controversy relating to Count V alone is at least $12,249,806.88. (Ex. B, Amsden Decl. at ¶ 7.)

13. The Complaint also seeks injunctive relief "to enjoin Defendants from imposing future charges for Vertrue Membership Programs on the debt and/or credit cards of the Class members." (Ex. A, Compl. ¶ 90.) The cost to Defendants for all of this relief may also be used to establish the jurisdictional amount under CAFA.

14. Here, if Plaintiffs prevail, and the Court orders the injunctive relief sought by the Plaintiffs, Defendants could no longer retain any charges relating to the Vertrue Membership Programs. (Ex. A, Compl. ¶

90.) Since the bankruptcy of certain Vertrue entities, the business of those entities, and the revenue recovered by Defendants has declined substantially. (Ex. B, Amsden Decl. at ¶ 7.) Nevertheless, the cost of the injunctive relief would constitute the value of Defendants' lost business, which the Complaint presumes would be significant.

15. Venue is proper in this Court because the Superior Court Action is pending in Fulton County, Georgia. *See* 28 U.S.C. § 1441(a).

16. The Summons and Complaint has not yet been served by the Plaintiffs. This removal is timely pursuant to 28 U.S.C. §1446(b).

17. Defendants have not answered, moved against, or otherwise responded to the Summons and Complaint.

18. Defendants reserve their right to object to the personal jurisdiction of the Court and to challenge venue in the Northern District of Georgia.

19. Defendants are not aware of any other pleadings, process, orders, or other papers filed in the Superior Court Action other than those previously stated and annexed hereto as Exhibits "A."

20. In view of the above-stated facts, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441(a).

21. In compliance with 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be promptly served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of Fulton County, Georgia.

[ *Signature of Counsel Appears on the Following Page* ]

Respectfully submitted this 16th day of March, 2015, by:

> ARNALL GOLDEN GREGORY LLP
>
> /s/ Edward A. Marshall
> Robert L. Rothman
> Georgia Bar No. 615850
> Edward A. Marshall
> Georgia Bar No. 471533
> 171 17th Street, NW
> Suite 2100
> Atlanta, Georgia 30363
> Tel: (404) 873-8500
> Fax: (404) 873-8501
> Email:
> > robert.rothman@agg.com
> > edward.marshall@agg.com

Of counsel:

SCHOPF & WEISS LLLP

William B. Berndt
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Tel.: (312) 701-9300
Fax: (312) 7019335
Email: berndt@sw.com

> *Counsel for Defendants V2V Holdings LLC, Vertrue LLC, Adaptive Marketing, LLC, and Velo ACU LLC*

7407658v2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has this day served opposing counsel with the foregoing document by depositing the same in the United States mail, postage prepaid, and addressed as follows:

> E. Adam Webb, Esq.
> Matthew C. Klase, Esq.
> Webb, Klase & Lemond, LLC
> 1900 The Exchange, S.E.
> Suite 480
> Atlanta, Georgia 30339

This 16th day of March, 2015.

> ARNALL GOLDEN GREGORY LLP
>
> /s/ Edward A. Marshall
> Edward A. Marshall
> Georgia Bar No. 471533